**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABRAHAM BARRETO SANCHEZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, et al.<br>Respondents. | Case No.: 26cv3692 DMS (JAC)<br>**ORDER GRANTING PETITION** |

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a Return to the Petition in which they state Petitioner appears to be a member of the bond-eligible class certified in *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). They therefore do not oppose an order from the Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a). Petitioner filed a Traverse challenging only the applicable burden of proof for the bond hearing and the timeframe for that hearing.

In *Rodriguez v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022), the Ninth Circuit stated that at a bond hearing held pursuant to 8 U.S.C. § 1226(a), the detainee bears the burden to show, by a preponderance of the evidence, "that he is not 'a threat to national security, a

danger to the community at large, likely to abscond, or otherwise a poor bail risk[.]'" (quoting *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)). Thus, the Court agrees with Respondents on the burden of proof issue. The Court also agrees with Respondents that 14 days is a reasonable timeframe in which to hold Petitioner's bond hearing given the heavy caseloads.

Accordingly, Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration judge within fourteen (14) days of this Order unless Petitioner requests a continuance. At that bond hearing, Petitioner shall have the burden of proving by a preponderance of the evidence that he does not pose a danger to the community or a risk of flight if released on bond. On or before **August 20, 2026**, the parties shall file a Joint Status Report confirming Petitioner has been provided with a bond hearing and the result of that hearing. In that Report, the parties shall also provide their position on whether a further order on the Petition is necessary or if the Clerk of Court may enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

Dated: July 30, 2026

Hon. Dana M. Sabraw
United States District Judge